IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENESCO INC., <br><br> Plaintiff, <br><br> v. <br><br> VISA U.S.A. INC., VISA, INC., AND VISA INTERNATIONAL SERVICE ASSOCIATION, <br><br> Defendants. | Civil Action No. 3:13-CV-0202 <br> Chief Judge William J. Haynes, Jr. <br><br> JURY DEMAND |

### AFFIDAVIT OF ROGER SISSON, ESQ.
### IN SUPPORT OF GENESCO INC.'s
### MOTION FOR A PROTECTIVE ORDER

I, Roger Sisson, hereby declare:

1. I am General Counsel for Genesco Inc.

2. I have personal knowledge of the facts presented in this declaration.

3. On or about October 28, 2010, Wells Fargo Bank notified Genesco of Visa's directive that a forensic investigation be conducted in relation to reports suggesting that there was a compromise of Genesco's network. Under Genesco's contract with Wells Fargo Bank, Genesco was contractually obliged to comply with the Visa directive and to retain a forensic firm pre-approved by Visa to conduct the forensic examination Visa had required.

4. On or about November 2, 2010, Genesco retained Trustwave, one of the Visa-approved forensic firms, to conduct the forensic investigation required by Visa.

1

5. Genesco did not conduct an investigation of its own regarding the possibility of a compromise of Genesco's network prior to Trustwave's arrival onsite on November 30, 2010.

6. Genesco cooperated fully with Visa's investigation of the Intrusion and Trustwave's forensic evaluation of Genesco's network. Genesco provided Trustwave with access to all information and material requested by Trustwave in connection with the Intrusion.

7. On November 30, 2010, Trustwave advised Genesco that it had detected suspicious software on Genesco's network and that it had concluded, based on this finding, that Genesco had suffered an intrusion (the "Intrusion") into the portion of its computer system that processes and stores information regarding credit and debit card transactions made at its stores.

8. On that same day, I had a conversation with Henry Walker ("Walker"), litigation partner at Kilpatrick Townsend & Stockton LLP, regarding Trustwave's findings and the potential legal ramifications and his experience with prior data breaches, including the likelihood of litigation, and, on behalf of Genesco, I retained Kilpatrick Townsend & Stockton LLP to render legal advice to Genesco in connection with the Intrusion.

9. On December 2, 2010, I had a conversation with Douglas Meal ("Meal"), litigation partner at Ropes & Gray, regarding Trustwave's findings and the potential legal ramifications of a computer systems intrusion, including the likelihood of litigation, in particular litigation arising out of claims by the payment card brands such as Visa, and on behalf of Genesco, I retained Ropes & Gray to render legal advice to Genesco in connection with the Intrusion.

10. Following consultation with Walker, Meal and myself (jointly, "Genesco Counsel"), Genesco determined that Genesco Counsel should conduct an investigation of the Intrusion, separate and apart from the investigation already being conducted by Trustwave on

behalf of Visa and the other major card brands, for the purpose of providing legal advice to Genesco regarding the Intrusion and in anticipation of litigation with the card brands and other persons arising out of the Intrusion (the "Privileged Investigation").

11. On the next day, Genesco Counsel identified the need to retain a computer security consultant to assist them in conducting the Privileged Investigation. Meal selected Stroz Friedberg LLC ("Stroz Friedberg") to be the retained consultant, based on previous engagements.

12. On December 3, 2010, I, as General Counsel on behalf of Genesco, retained Stroz Friedberg to provide consulting and technical services at the direction of Genesco Counsel to assist Genesco Counsel in rendering legal advice to Genesco in anticipation of litigation and/or other legal or regulatory proceedings.

13. Attached as Exhibit 1 submitted under seal pursuant to a Motion to Seal filed with the Court on October 16, 2013, is the engagement letter with Stroz Friedberg dated December 3, 2010.

14. Genesco Counsel, with the assistance of Stroz Friedberg, conducted the Privileged Investigation. Any and all investigation, analysis, and reviews performed in the course of the Privileged Investigation were done to assist Genesco Counsel in preparing for anticipated litigation with the card brands and other persons arising from the Intrusion and in providing legal advice to Genesco relating to the Intrusion. Genesco did not conduct any investigation of the Intrusion separate and apart from the Privileged Investigation.

15. Any and all contacts, correspondence, meetings or other interactions between Genesco and Stroz Friedberg concerning the Intrusion occurred either with or at the direction of Genesco Counsel.

SWORN AND SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 16th DAY of October, 2013

*[signature]*

Roger Sisson, Esq.

Sworn before me this 16th day of October, 2013:

*[signature]*

Notary Public

My Commission Expires:

Dated: October 16, 2013

My Commission Expires NOV. 5, 2014

4