UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENESCO INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-0202 |
| | ) Judge William J. Haynes, Jr. |
| VISA U.S.A. INC; VISA INC.; and | ) |
| VISA INTERNATIONAL SERVICE | ) JURY DEMAND |
| ASSOCIATION, | ) |
| Defendants. | ) |

**[PROPOSED] THIRD AGREED SUPPLEMENTAL PROTECTIVE ORDER**

In response to certain discovery requests propounded in the above captioned matter, Plaintiff Genesco Inc. ("Genesco") has agreed to extend the time period during which Defendants Visa U.S.A. Inc., Visa Inc. and Visa International Service Association (collectively, "Visa") are permitted remote access to certain portions of Genesco's computer system (the "Remote Access") in order to review and obtain data responsive to Visa's Request for Production No. 38, which seeks "[t]he security event logs or log data applicable to activity on, to, or from YOUR payment switches in YOUR COMPUTER SYSTEM (during the window of intrusion defined in the TRUSTWAVE Incident Response Report dated January 27, 2011)." In recognition of the heightened protections that such access requires, the Court for good cause shown, does hereby enter this Third Agreed Supplemental Protective Order ("Supplemental Protective Order"). This agreement will be in addition to the terms of the Agreed Protective Order dated July 3, 2013 (Dkt. # 48), Supplemental Protective Order dated October 22, 2013 (Dkt. # 146), and Second Agreed Supplemental Protective Order dated June 30, 2014 (Dkt. #

487). All defined terms used herein shall have the same meaning as in the Agreed Protective Order, Supplemental Protective Order, and Second Supplemental Protective Order.

It is, therefore, ORDERED, that:

1. The Remote Access shall be strictly restricted to the SentinelCC server (and not to any other portion of Genesco's computer system or any other Genesco device) and shall be permitted only for the express purpose of reviewing and acquiring data responsive to Request for Production No. 38 and not for any other purpose whatsoever. In the event that Authorized Individuals inadvertently access any data outside of information responsive to Request for Production No. 38 through the process of conducting searches for responsive information on the SentinelCC server, such inadvertent access shall not be deemed a violation of this Supplemental Protective Order, and the Authorized Individuals agree that such data will not be acquired or used.

2. Only Visa's outside counsel and experts ("Authorized Individuals") shall be permitted Remote Access, and only after the Authorized Individuals' identities have been disclosed to Genesco in writing and each Authorized Individual has executed the Non-Disclosure Agreement contained attached hereto as Exhibit A-3. Further, only one VPN access point is approved. In other words, while Authorized Individuals may collectively view and query SentinelCC, only one VPN access point is permitted.

3. Genesco agrees to cooperate in good faith and to respond with reasonable promptness to reasonable requests submitted in writing by Visa to Genesco counsel seeking assistance resolving technical issues with the Remote Access that Visa cannot resolve on its own.

4. Remote Access shall be permitted for a period not to exceed 21 days from the date of this Order.

5. Any and all documents and other information acquired by Visa from the Remote Access shall be designated Confidential Discovery Material.

SIGNED this 15th day of August, 2014.

JUDGE WILLIAM J. HAYNES

CONSENTED TO:

/s/ Overton Thompson III
Overton Thompson III (BPR 011163)
Wendee M. Hilderbrand (BPR 023688)
(whilderbrand@bassberry.com)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-7730 – Telephone
(615) 742-2804 – Facsimile
othompson@bassberry.com
whilderbrand@bassberry.com

Douglas H. Meal (admitted *pro hac vice*)
Richard D. Batchelder, Jr. (admitted *pro hac vice*)
Seth C. Harrington (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston MA 02199-3600
(617) 951-7000
Douglas.Meal@ropesgray.com
Richard.Batchelder@ropesgray.com
Seth.Harrington@ropesgray.com

*Attorneys for Plaintiff Genesco Inc.*

/s/ Robert L. Stolebarger
Gayle Malone (#2388)
J. Mark Tipps (#11710)
Emily B. Warth (#27607)
Walker, Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219
(615) 313-6000
bwalker@walkertipps.com
mtipps@walkertipps.com
ewarth@walkertipps.com

Randall W. Edwards (admitted *pro hac vice*)
Aaron M. Rofkahr (admitted *pro hac vice*)
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700
redwards@omm.com
arofkahr@omm.com

Robert L. Stolebarger (admitted *pro hac vice*)
Andres L. Carrillo (admitted *pro hac vice*)
Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
(415) 268-2000
robert.stolebarger@bryancave.com
andres.carrillo@bryancave.com

*Attorneys for Defendants Visa U.S.A. Inc., Visa Inc., and Visa International Service Association*

Exhibit "A-3"
## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Second Agreed Supplemental Protective Order ("Supplemental Protective Order") entered in <u>Genesco Inc. v. Visa U.S.A. Inc., et al.</u>, Case No. 3:13-cv-0202 in the United States District Court for the Middle District of Tennessee, Nashville Division. I agree to comply with and be bound by the terms and conditions of that Supplemental Protective Order unless and until modified by further order of that Court. I consent to the jurisdiction of that Court for purposes of enforcing that Order.

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct.

Executed this
day of _____, 20_, at _____,
Signed:
Employer:
 Business Address: