IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENESCO INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:13-cv-00202 |
| v. | ) Senior Judge Haynes |
| | ) |
| VISA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants' motion to compel Plaintiff to comply with the Court's prior Orders concerning discovery of remediation measures (Docket Entry No. 358), to which Plaintiff filed a response (Docket Entry No. 363) and Defendants filed a reply (Docket Entry No. 405), as well as Plaintiff's motion to strike purported expert declarations (Docket Entry No. 489), to which Defendants filed a response (Docket Entry No. 509).

Defendants' motion to compel seeks an Order compelling Plaintiff to provide discovery related to remediation measures performed by IBM on Genesco's behalf, citing Exhibit 265. During the March 9, 2015 status conference in this action, the Court asked Defendants' counsel to distill the core reasons for its motion to compel. Defendants' counsel specifically cited Exhibit 265, that Defendants describe as a document produced by IBM, in response to a subpoena, reflecting several requested changes in Genesco's system. Yet, Exhibit 265 is not a part of the record in this action, but is described in an excerpt from the deposition of Jeffrey Orton. See Docket Entry No. 444, Defendants' Reply in Support of its Motion to Compel the Deposition of Bill Stach at 5-8.

In opposition, Plaintiff contends that it complied with the Court's Order and that the discovery sought by the Defendants is protected by the attorney-client privilege.

To be sure, the information sought in Defendants' motion to compel is relevant and probative. Yet, for the reasons stated in open court during the March 9, 2015 status conference, that was based upon the affidavit (Docket Entry No. 365) of Plaintiff's general counsel, Roger Sisson, and the Court's earlier ruling that is the law of the case, Plaintiff retained IBM to provide consulting and technical services so as to assist counsel in rendering legal advice to Plaintiff.

Thus, the IBM materials, including Exhibit 265, are privileged. See Docket Entry No. 297, Court's Memorandum at 42-48 (citing United States v. Nobles, 442 U.S. 225 (1975) (attorney client privilege attaches to retained investigators); Toledo Edison Co. v. G.A. Tech, Inc., 847 F.2d 335 (6th Cir. 1988) (work product privilege)). In addition, the expert consultant's materials are not subject to waiver under Fed. R. Civ. P. 26(b)(4)(D). Id. at 51 (citing Precision of New Hampton, Inc. v. Tri Component Products Corp., No. C12-2020, 2013 WL 2444047 (N.D. Iowa June 5, 2013)). Thus, Defendants' motion to compel (Docket Entry No. 358) is **DENIED**.

Plaintiff's motion to strike (Docket Entry No. 489) seeks to exclude the testimony of seven of the Defendants' purported expert witnesses, for whom Plaintiff contends Defendants failed to provide the information required by Local Rule 39.01(c). In response, Defendants contend that these witnesses are not retained or specially employed and, thus, do not require a detailed written report under Fed. R. Civ. P. 26(a)(2)(B).

For the reasons stated in open court, Plaintiff's motion to strike (Docket Entry No. 489) is **DENIED without prejudice** to renew at trial should any witness offer expert opinion testimony beyond the scope of his or her deposition testimony.

The trial, final pretrial conference, and related pretrial deadlines in this action are **CONTINUED** pending the Court's ruling on the parties' motions for summary judgment.

It is so **ORDERED**.

**ENTERED** this the 24th day of March, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge

3