IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENESCO INC., <br><br> Plaintiff, <br><br> v. <br><br> VISA USA INC., VISA, INC., and VISA INTERNATIONAL SERVICE ASSOCIATION, <br><br> Defendants. | Civil Action No. 3:13-CV-0202 <br> Senior Judge William J. Haynes, Jr. <br><br> JURY DEMAND |

**PLAINTIFF GENESCO INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO REMEDIAL MEASURES**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    THE REMEDIAL MEASURES EVIDENCE IS INADMISSIBLE PURSUANT TO FEDERAL RULE OF EVIDENCE 407 AND VISA'S ATTEMPTS TO READ EXCEPTIONS INTO THE RULE ARE INAPPROPRIATE ....................................... 2

    II.   EVIDENCE RELATED TO REMEDIAL MEASURES TAKEN BY GENESCO SHOULD ALSO BE EXCLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403 ....................................................................................................................... 7

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alimenta (U.S.A.), Inc. v. Stauffer*,
  598 F. Supp. 934 (N.D. Ga. 1984) ...................................................................................4, 5, 8

*Bauman v. Volkswagenwerk A.G.*,
  621 F.2d 230 (6th Cir. 1980) ....................................................................................................6

*Brazos River Authority v. GE Ionics, Inc.*,
  469 F.3d 416, 430 (5th Cir. 2006) ...........................................................................................5

*Complaint of Consolidation Coal Co.*,
  123 F.3d 126 (3rd Cir. 1997) ...................................................................................................5

*Fasanaro v. Mooney Aircraft Corp.*,
  687 F. Supp. 482 (N.D. Cal. 1988) .........................................................................................4

*In re Air Crash Disaster*,
  86 F.3d 498 (6th Cir. 1996) .....................................................................................................4

*In re Aircrash in Bali, Indonesia*,
  871 F.2d 812 (9th Cir. 1989) ...............................................................................................3, 4

*Knight v. Otis Elevator Co.*,
  596 F.2d 84 (3d Cir. 1979) .......................................................................................................6

*Millennium Partners, L.P. v. Colmar Storage, LLC*,
  494 F.3d 1293 (11th Cir. 2007) ...........................................................................................3, 4

*R.M. Perlman, Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1, I.L.G.W.U., AFL-CIO*,
  33 F.3d 145 (2d Cir. 1994) .......................................................................................................3

**OTHER AUTHORITIES**

23 Fed. Prac. & Proc. Evid. § 5284 (1st ed. 2014) ...........................................................................6

Fed. R. Evid. 403 ...............................................................................................................2, 7, 8, 9

Fed. R. Evid. 407 ......................................................................................................................... passim

Karen K. Peabody, *Products Liability: Admissibility of Evidence of Subsequent Repairs or other Remedial Measures by Third Party other than Defendant*,
  64 A.L.R.5TH 119 (1998) .........................................................................................................6

Plaintiff Genesco Inc. ("Genesco") respectfully submits this Reply Memorandum in Support of its Motion *in Limine* to Exclude Evidence Relating to Remedial Measures (Dkt. No. 877). Genesco incorporates by reference the background and definitions contained in its Memorandum of Support of its Motion *in Limine* to Exclude Evidence Relating to Remedial Measures (Dkt. No. 878).

## INTRODUCTION

Genesco seeks exclusion of Remedial Measures Evidence based on Federal Rule of Evidence 407, which holds that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. Visa does not dispute that the sole purpose of the Remedial Measures Evidence is to prove negligence or culpable conduct on the part of Genesco. Rather, it attempts to argue that the remedial measures taken by Genesco should be exempt from Rule 407 based on exceptions to Rule 407 that Visa either invented or which Visa is now unsuccessfully attempting to twist to fit the circumstances: (1) a limited line of cases holding that measures are not considered remedial measures for purposes of Rule 407 if they are taken by a third party *without involvement* of the party seeking to exclude them, which is not the case here; (2) some courts distinguishing between "the initial steps toward ascertaining whether any remedial measures are called for" and "the actual remedial measures themselves," which is irrelevant to Genesco's request; and (3) the exception that "Rule 407 does not bar admission of evidence of remedial measures by a third party," Visa Defendants' Opposition to Genesco's Motion *in Limine* to Exclude Evidence Relating to Remedial Measures (Dkt. No. 965) ("Visa Opp'n") at 2, which is wholly inapplicable because Genesco is a party to this action.

1

Visa also submits two toothless responses to Genesco's arguments that the Remedial Measures Evidence is further barred pursuant to Federal Rule of Evidence 403: "[f]irst, the evidence at issue does not concern changes by Genesco simply 'to improve its system,'" but rather those changes were required by contract for Genesco, Visa Opp'n at 12-13, and "[s]econd, neither of the cases cited by Genesco supports its contention that evidence that is not excluded under Rule 407 nonetheless should be excluded under Rule 403 if it relates to 'remedial measures.'" *Id*. at 13. Neither of these arguments carries any water. First, whether the remedial measures were required or recommended is irrelevant to the inquiry of unfair prejudice. Second, Visa's attempt to distinguish the cases cited by Genesco fails to address the underlying prejudice concerns pursuant to Rule 403, and Visa offers no cases of its own to support its position.

For the reasons summarized above and stated below, Genesco respectfully requests that the Court grant its Motion *in Limine* to Exclude Evidence Relating to Remedial Measures.

## ARGUMENT

**I. THE REMEDIAL MEASURES EVIDENCE IS INADMISSIBLE PURSUANT TO FEDERAL RULE OF EVIDENCE 407 AND VISA'S ATTEMPTS TO READ EXCEPTIONS INTO THE RULE ARE INAPPROPRIATE**

Federal Rule of Evidence 407 bars evidence of remedial measures taken by a party if submitted to prove negligence or culpable conduct. A limited number of exceptions to the Rule exist, yet none of those narrow exceptions apply here. Undaunted, Visa attempts to twist and expand the exceptions to fit the facts of this case, but that effort fails.

### A. Rule 407 Excludes Recommended or Required Remedial Measures When They Are Taken By the Party in Question

The simple reality is that there is no exception to Rule 407 based on any kind of contractual obligation to enact the remedial measures. Yet Visa misconstrues a narrow line of reasoning from two cases outside this jurisdiction—in which the courts held that investigations

2

or improvements made *without the party's participation* are not remedial measures for the purposes of Rule 407—and attempts to distort it to correspond to the instant circumstances. Applying that exception here would run counter to the purpose of the Rule and to the case law regarding the exception.

Visa cites two cases, *In re Aircrash in Bali, Indonesia*, 871 F.2d 812 (9th Cir. 1989) and *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293 (11th Cir. 2007), to argue that the remedial measures evidence in this case should not be barred by Rule 407. However, those cases stand for the proposition that, where the party is not involved in any way in making the remedial measures, Rule 407 does not apply. Specifically, in *Millennium Partners*, the court held that subsequent remedial measures undertaken by a tenant who leased a warehouse *after the defendant vacated* the premises were not actions taken by a party and thus not excluded under Rule 407. 494 F.3d at 1302. Similarly, in *In re Aircrash*, the court dealt with a report by the Federal Aviation Administration related to an airplane crash in Bali, where the party attempting to block its admission had no involvement or participation in the report or the investigation underlying the report. 871 F.2d 812, 816 (9th Cir. 1989). In this case, however, to the extent remedial measures were enacted, Genesco was the entity enacting those measures.

This case is much more similar to those in which a party has received required or recommended remedial measures. Courts have consistently found, in those cases, that the remedial measures evidence is barred by Rule 407. For example, in *R.M. Perlman, Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1, I.L.G.W.U., AFL-CIO*, 33 F.3d 145, 156 (2d Cir. 1994), the court found recommendations to the defendant by defendant's parent organization to modify contractual language to be subsequent remedial measures and excluded them pursuant to Rule 407. The party in that case was contractually

3

obligated to enact those recommendations. Yet the court held that the measures were excluded pursuant to Rule 407. In another case, *Alimenta (U.S.A.), Inc. v. Stauffer*, 598 F. Supp. 934, 940 (N.D. Ga. 1984), the court excluded a report by an accounting firm regarding recommendations to improve the defendant's procedures and controls relating to its transaction systems pursuant to Rule 407.

As the Sixth Circuit has warned, "[w]e should not be too quick to read new exceptions into [Rule 407] because by doing so there is a danger of subverting the policy underlying the rule." *In re Air Crash Disaster*, 86 F.3d 498, 528-29 (6th Cir. 1996). Construing *Millennium Partners* or *In re Aircrash* to cover remedial measures just because they are recommended or even required by contract would be a giant leap and a broad extension of the exception created by those courts. Genesco's motion to exclude remedial measures evidence in this case should accordingly be granted.

> B. **Visa Misconstrues the Scope of Rule 407 Which Bars Evidence of Remedial Measures Even When the "Analysis" Underlying the Measures May Be of Interest**

Visa argues that Section 6.1 of the Trustwave Report does not fall under Rule 407 because "it is evidence of Trustwave's analysis and investigation of Genesco's computer system and recommendations of needed remedial measures." Visa Opp'n at 10. Yet no exception to Rule 407 exists that would admit the evidence of recommended remedial measures in Section 6.1, as Visa tries to suggest.

The cases Visa cites establish that courts will distinguish between "the initial steps toward ascertaining whether any remedial measures are called for" and "the actual remedial measures themselves." *Fasanaro v. Mooney Aircraft Corp.*, 687 F. Supp. 482, 487 (N.D. Cal. 1988). That distinction, however, in no way undermines Genesco's motion. Genesco, in fact, distinguishes the bulk of the Trustwave Report from Section 6.1, which relates strictly to the

4

remedial measures themselves (and which Visa has repeatedly admitted are measures that Genesco "was compelled to take," *see, e.g.*, Visa Opp'n at 1).

Moreover, courts have held that post-accident investigations are excluded under Rule 407, even more so when they contain recommended remedial measures. *See, e.g.*, *Alimenta*, 598 F. Supp. at 940. In *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 136-37 (3rd Cir. 1997), the Third Circuit upheld a finding that a memo prepared five days after an accident, which analyzed the cause of the accident in question and provided a caution to all employees going forward that would prevent similar accidents, was a subsequent remedial measure and thus inadmissible under Fed. R. Evid. 407. Significantly, in that case, the party seeking admission of the document only sought admission of the non-remedial sections of the document, and its attempts were still rejected by the trial court and court of appeals. Here, Genesco's request to exclude Trustwave's recommendations is consistent with Rule 407 and with applicable case law.

*Brazos River Authority v. GE Ionics, Inc.*, relied upon heavily by Visa in its Opposition, actually supports Genesco's argument for the exclusion of Trustwave Report Section 6.1. There, the court found that reports of post-accident testing should be admissible, but found highly persuasive the fact that the party "offered to redact references to remedial measures actually implemented" in that report. 469 F.3d 416, 430 (5th Cir. 2006). The *Brazos* court further noted that "[w]e do not decide, however, whether reports of post-event investigations are always admissible if the actually-implemented remedial measures are redacted," but found that the particular investigations were admissible "to the extent that actually implemented remedial measures would have been redacted." *Id.*

### C. Genesco, As A Party To This Action, May Invoke Rule 407

Visa argues that, because Genesco established standing on its First through Fifth Causes of Action as an assignee/subrogee, it cannot invoke the protections of Rule 407 to exclude the

5

remedial measures it took following the Intrusion. Visa's argument, however, finds no support in the Rule itself nor in applicable case law, and further contradicts the policy behind the Rule.

Rule 407 provides for exclusion of "measures . . . which, if taken previously, would have made the event less likely to occur," but the Rule is silent as to *who* must take the measures in question. *See, e.g.*, 23 Fed. Prac. & Proc. Evid. § 5284 (1st ed. 2014) ("Nowhere does the rule specify the person whose 'subsequent measures' are inadmissible to prove negligence or culpable conduct."). Visa argues that because some (but certainly not all)[1] courts have held that remedial measures taken by a "nonparty" are not subject to Rule 407 and Genesco is asserting some causes of action as assignee and/or subrogee of the Acquiring Banks, then Rule 407 does not apply to the Remedial Measures Evidence. But Visa does not (and cannot) cite any case law permitting evidence of subsequent remedial measures taken by an assignee or subrogee. Moreover, any such distinction is irrelevant, because the underlying question that Visa seeks to answer by means of such evidence is whether Genesco violated the PCI DSS and thus, by extension, the Acquiring Banks were in breach of their contractual obligation to ensure that Genesco complied with the PCI DSS.

In any event, suggesting Genesco cannot rely on Rule 407 contradicts the policies behind Rule 407. The Advisory Committee Notes cite two grounds for the Rule: (1) that "the conduct is not in fact an admission" of guilt; and (2) [t]he other, and more impressive, ground for exclusion rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Advisory Committee Notes, Rule 4037 (1972

---

[1] *See* Karen K. Peabody, *Products Liability: Admissibility of Evidence of Subsequent Repairs or other Remedial Measures by Third Party other than Defendant*, 64 A.L.R. 5TH 119 (1998) ("Other courts have declined to recognize a distinction where the subsequent remedial measures were taken by a third party and have either held evidence of such measures inadmissible under the general rule.") (*citing Knight v. Otis Elevator Co.*, 596 F.2d 84 (3d Cir. 1979) (excluding evidence of remedial measures by the plaintiff's employer in suit by plaintiff against manufacturer regarding injury sustained at the plaintiff's place of work (*cited by Bauman v. Volkswagenwerk A.G.*, 621 F.2d 230, 233 (6th Cir. 1980))).

Proposed Rules) (further noting that "courts have applied this principle to exclude evidence of subsequent repairs, installation of safety devices, changes in company rules, and discharge of employees, and the language of the present rule is broad enough to encompass all of them"). Both purposes are wholly applicable here. Visa's only stated purpose for the Remedial Measures Evidence is to prove Genesco's culpability. In Visa's own words, it seeks admission of the Remedial Measures Evidence because "Genesco's data-security deficiencies are the core of the entire case." Visa Opp'n at 13. The Remedial Measures Evidence, then, risks appearing as an admission of guilt on the part of Genesco. Moreover, Genesco has always been the only entity able to take measures that would change and improve the Genesco data environment. The second, but even more crucial, policy behind Rule 407 is furthered by allowing Genesco to rely on it to exclude the Remedial Measures Evidence.

Because Genesco is a party to the case, because Genesco (and not some other third party) enacted these measures, and because these measures sought to make further intrusions less likely to occur, the Remedial Measures Evidence clearly falls under Rule 407 and should be excluded.

## II. EVIDENCE RELATED TO REMEDIAL MEASURES TAKEN BY GENESCO SHOULD ALSO BE EXCLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403

Federal Rule of Evidence 403 holds that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Advisory Committee notes on Rule 407 note the increased risk of remedial measures or similar actions causing undue prejudice, noting that "[e]vidence of subsequent measures that is not barred by Rule 407 may still be subject to exclusion on Rule 403 grounds when the dangers of prejudice or confusion

7

substantially outweigh the probative value of the evidence." Advisory Committee Notes, Rule 403 (1997).

Visa submits two responses to Genesco's arguments that the Remedial Measures Evidence is barred pursuant to Rule 403, neither of which is persuasive. Visa's first argument is not even relevant: "[f]irst, the evidence at issue does not concern changes by Genesco simply 'to improve its system,'" but rather those changes were required by contract for Genesco, Visa Opp'n at 12-13. Visa fails to explain why, even if true, this statement makes the admission of the Remedial Measures Evidence unaffected by Rule 403.

Visa's second argument is that "neither of the cases cited by Genesco supports its contention that evidence that is not excluded under Rule 407 nonetheless should be excluded under Rule 403 if it relates to 'remedial measures.'" *Id*. at 13. However, Visa admits that in *Alimenta*, the court found that, in addition to being inadmissible pursuant to Rule 407, a report was inadmissible pursuant to Rule 403 because the probative value of the report was substantially outweighed by the undue prejudice to the defendant that would result from the "lengthy 'official' looking document," and also because of "the undue delay that would result from the need to call expert witnesses to explain the technical language of the report, and the presentation of cumulative evidence that would result from introducing the report in addition to the testimony of the author of the report." *Alimenta*, 598 F. Supp. at 941; see also Visa Opp'n at 13.

Here, the same issues are clearly at play: the jury may easily construe changes made by Genesco to improve its system as admissions of a lack of proper PCI DSS compliance, and the Remedial Measures Evidence would require additional technical testimony in an already-

8

technical case. Accordingly, the Remedial Measures Evidence should also be excluded pursuant to Rule 403.

## CONCLUSION

For all of the reasons stated above, and those set forth in Genesco's opening brief, Genesco respectfully requests that the Court grant its Motion *in Limine* to Exclude Evidence Relating to Remedial Measures.

Respectfully submitted,

Dated: April 15, 2015

By: */s/ Overton Thompson III*
Overton Thompson III (BPR 011163)
(othompson@bassberry.com)
Lucas R. Smith
(lsmith@bassberry.com)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-7730 (telephone)
(615) 742-2804 (facsimile)

Douglas H. Meal (admitted *pro hac vice*)
Richard D. Batchelder, Jr. (admitted *pro hac vice*)
Seth C. Harrington (admitted *pro hac vice*)
Maura Sullivan Flaherty (admitted *pro hac vice*)
Michael Y. Jo (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
(617) 951-7000

*Attorneys for Plaintiff Genesco, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served, via the Court's electronic filing system, on the following:

Gayle I. Malone, Jr.
J. Mark Tipps
Butler Snow LLP
The Pinnacle at Symphony Place, Suite 1600
150 Third Avenue South
Nashville, TN 37201

Randall W. Edwards
Darin W. Snyder
Melody Drummond-Hansen
Elysa Q. Wan
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

This 15th day of April, 2015.

          /s/ Overton Thompson III