UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENESCO INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>VISA U.S.A. INC., VISA INC., AND VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>       Defendants. | No. 3:13-cv-00202<br>Senior Judge Haynes<br><br>JURY DEMAND |

**VISA'S RENEWED MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**

Pursuant to the Court's September 30, 2015 Order (ECF No. 1036), Defendants Visa U.S.A. Inc., Visa Inc., and Visa International Service Association (collectively "Visa") file this single renewed motion for summary judgment or partial summary judgment, incorporating by reference into a single motion the separate arguments advanced in its five previous motions for full or partial summary judgment (ECF Nos. 601, 604, 607, 610, and 613). In this renewed, combined motion, Visa seeks summary judgment on the following five grounds, some of which are dispositive of entire Genesco claims and some of which are dispositive of core issues but not the entire case:

1. Visa moves for partial summary judgment on Genesco's First through Sixth claims on the ground that the Account Data Compromise Recovery ("ADCR") program, the Data Compromise Recovery Solution ("DCRS") program, and the Cardholder Information Security Program ("CISP") are valid liquidated damages provisions under California Civil Code Section 1671, as set forth in its prior Motion No. 1 for Summary Judgment that the VIOR Assessments Are Valid Liquidated Damages Under California Civil Code 1671: ECF Nos. 601-603, 617-618, 892-893, and 907;

2. Visa moves for summary judgment on Genesco's Sixth claim alleging a violation of California's Unfair Competition Law, or, in the alternative, for partial summary judgment for each of the "unlawful," "unfair," and "fraudulent" prongs of Genesco's Sixth claim, because (a) Genesco cannot show that Visa's assessments are "unlawful," "unfair," or "fraudulent" for some additional reason beyond Genesco's assertions that the assessments violate the Visa International Operating Regulations (VIOR) contract provisions, and (b) Genesco separately cannot prove that it relied on any allegedly false statements by Visa to meet the "fraudulent"

1

prong, as set forth in its prior Motion No. 2 for Summary Judgment on Genesco's Sixth Claim for Relief (Unfair Competition Law): ECF Nos. 604-606, 619-620, 894-895, and 909-910;

3. Visa moves for summary judgment on Genesco's Seventh claim for money-had-and-received/unjust enrichment on the grounds that (a) Genesco's money-had-and-received claim fails because the relevant relationships are governed by contracts and Genesco cannot show Visa "wrongfully possesses" money paid to Visa for Genesco's use, and (b) unjust enrichment is not a stand-alone claim under California law, as set forth in its prior Motion No. 3 for Summary Judgment on Genesco's Seventh Claim (Money Had-And-Received/Unjust Enrichment): ECF Nos. 607-609, 621-622, 896-897, and 911;

4. Visa moves for partial summary judgment on Genesco's Second through Seventh claims on the issue that the Genesco security breach constituted an account compromise event and data compromise event under the Visa International Operating Regulations, as set forth in its prior Motion No. 4 for Partial Summary Judgment that the Genesco Security Breach Constitutes an Account/Data Compromise Event: ECF Nos. 610-612, 623-624, 898-899, and 912-913; and

5. Visa moves for partial summary judgment on Genesco's Second, Third, Sixth, and Seventh claims on the issue that Visa's Data Compromise Recovery Solutions (DCRS) process applies to issuing banks from Visa Europe, because the governing contractual provision in the Visa International Operating Regulations provides that the issuing banks from Visa Europe are covered and may obtain recovery under the DCRS process, as set forth in Visa's prior Motion No. 5 for Summary Judgment on Genesco's Claims Regarding Visa Europe: ECF Nos. 613-615, 625, 720, 900-901, and 914.

Consistent with the Court's Order, Visa incorporates by reference its previous motions and all supporting documents submitted in support thereof, including all of Visa's memoranda,

statements of undisputed facts, replies, responses to Genesco's responses to Visa's statements of undisputed facts, and supporting exhibits. (*See* ECF Nos. 601-603, 617-618, 892-893 and 907 (Motion No. 1); Nos. 604-606, 619-620, 894-895, and 909-910 (Motion No. 2); Nos. 607-609, 621-622, 896-897, and 911(Motion No. 3); Nos. 610-612, 623-624, 898-899, and 912-913 (Motion No. 4); Nos. 613-615, 625, 720, 900-901, and 914 (Motion No. 5); Nos. 627-672 and 915 (sealed exhibits in support of all motions); and Nos. 673 and 903 (unsealed exhibits in support of all motions).)

Respectfully submitted,

/s/ Randall W. Edwards
Gayle Malone, Jr.
J. Mark Tipps
BUTLER SNOW LLP
The Pinnacle at Symphony Place, Suite 1600
150 3rd Avenue South
Nashville, TN 37201
(615) 651-6700
gayle.malone@butlersnow.com
mark.tipps@butlersnow.com

Darin W. Snyder (admitted *pro hac vice*)
Randall W. Edwards (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
28th Floor, Two Embarcadero Center
San Francisco, California 94111
(415) 984-8700
dsnyder@omm.com
redwards@omm.com

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

  I hereby certify that on the 25th day of November, 2015, a copy of the foregoing has been served, via the Court's electronic filing system, on the following:

| | |
|---|---|
| Douglas Meal | Overton Thompson, III |
| Richard D. Batchelder | Lucas R. Smith |
| Seth Harrington | BASS, BERRY & SIMS PLC |
| ROPES & GRAY LLP | Suite 2800 |
| Prudential Tower | 150 Third Avenue South |
| 800 Boylston Street | Nashville, Tennessee 37201 |
| Boston, Massachusetts 02199 | |

             /s/ Randall W. Edwards