UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENESCO INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>VISA U.S.A. INC., VISA INC., AND VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>      Defendants. | Case No. 3:13-cv-00202<br>Senior Judge William J. Haynes, Jr.<br><br>JURY DEMAND |

**VISA'S OPPOSITION TO GENESCO'S RENEWED MOTION
FOR SUMMARY JUDGMENT**

Pursuant to the Court's September 30, 2015 Order (ECF No. 1036) permitting an opposing party to "file a single response incorporating by reference all [prior] responses and supporting documents" to a party's renewed motion for summary judgment, Defendants Visa U.S.A. Inc., Visa Inc., and Visa International Service Association (collectively "Visa") file this single response in opposition to Plaintiff Genesco Inc.'s renewed motion for summary judgment (the "Genesco's Renewed Motion;" ECF No. 1037).

Visa incorporates by reference all arguments advanced in Visa's three previous oppositions and supporting documents filed in response to Genesco's three previously filed motions for summary judgment. Specifically, Visa incorporates by reference all arguments advanced in the following filings:

(1) Visa's Opposition to Genesco's Motion for Summary Judgment on Its First Cause of Action or, Alternatively, for Partial Summary Judgment on Its Sixth and Seventh Causes of Action (ECF No. 586 and supporting materials in ECF Nos. 587-588, and 590-593), which opposes Plaintiff Genesco Inc.'s Motion For Summary Judgment on Its First Cause of Action Or, Alternatively, For Partial Summary Judgment on Its Sixth and Seventh Causes of Action (ECF No. 564), which Genesco refers to as its "Fines Motion;"

(2) Visa's Opposition to Genesco's Motion for Summary Judgment on Its Second Through Fifth Causes of Action (ECF Nos. 848 and supporting materials in ECF Nos. 841, 843, 846, 848, 854, 855 and 859), which opposes Plaintiff Genesco Inc.'s Motion for Summary Judgment on Its Second Through Fifth Causes of Action (ECF No. 674), which Genesco refers to as its "VIOR Motion;" and

(3) Visa's Opposition to Genesco's Motion for Partial Summary Judgment on Its Sixth and Seventh Causes of Action (ECF No. 849 and supporting materials in ECF Nos. 842, 843, 846, 849,

850, 854, and 855), which opposes Plaintiff Genesco Inc.'s Motion for Partial Summary Judgment on Its Sixth and Seventh Causes of Action (ECF No. 702), which Genesco refers to as its "Assessments Motion."

Visa's incorporation by reference of its prior oppositions provides a complete response to Genesco's Renewed Motion because Genesco's Renewed Motion makes no new arguments. Instead, Genesco reorganizes arguments previously made in its Fines Motion, VIOR Motion, or Assessments Motion into three overarching contentions: (1) Genesco has standing to raise claims arising out of the fines and assessments (*see* ECF No. 1038 at 10-12); (2) the fines and assessments provisions of the VIOR are unlawful and unenforceable contractual penalties (*see id.* at 12-21); and (3) Visa violated the VIOR by imposing the assessments (*see id.* at 21-25). Genesco's arguments fail for the reasons that Visa has articulated in its previous filings. Below, Visa directs the Court to the particular places in its previously filed opposition briefs where Visa opposed the arguments in Genesco's Renewed Motion.

Genesco's first argument—that it has standing to raise claims arising out of the fines and assessments (*see* ECF No. 1038 at 10-12)—is a compilation of its previous arguments that (1) it has standing as a subrogee and/or an assignee for its first through fifth causes of action; and (2) it has standing to advance claims on its own behalf for its sixth and seventh causes of action. Visa's previously filed opposition briefs explain that (1) Genesco's claim that it is a subrogee and/or an assignee for the purpose of its first through fifth causes of action fails (*see* ECF No. 586 at 21-22, and ECF No. 848 at 6-8, and supporting materials referenced therein); and (2) Genesco does not have standing to bring claims on its own behalf for either its sixth cause of action (*see* ECF No. 849 at 4-6 and supporting materials referenced therein) or its seventh cause of action (*see id.* at 8-9 and supporting materials referenced therein).

Genesco's second argument—that the fines and assessments provisions of the VIOR are unlawful and unenforceable contractual penalties (*see* ECF No. 1038 at 12-21)—is a compilation of its previous arguments that (1) the CISP fines are invalid because they are unlawful contractual penalties; and (2) the ADCR and DCRS assessments are invalid because they are unlawful contractual penalties. Visa's previously filed opposition briefs explain that (1) the CISP assessments (which Genesco calls fines) are valid liquidated damages provisions (*see* ECF No. 586 at 9-21 and supporting materials referenced therein); and (2) the ADCR and DCRS assessments are valid liquidated damages provisions (*see* ECF No. 848 at 23, ECF No. 849 at 9-21, and supporting materials referenced therein).

Finally, Genesco's third argument—that Visa violated the VIOR by imposing the assessments (*see* ECF No. 1038 at 21-25)—is a compilation of its previous arguments that (1) there is no evidence that a compromise event occurred; (2) there was no PCI DSS violation that could have allowed a compromise of the alerted-on accounts; and (3) Visa's methodology for calculating the amount of the assessments conflicts with the VIOR. Visa's previously filed opposition briefs explain that (1) an account/data compromise event occurred at Genesco (*see* ECF No. 848 at 8-13, and supporting materials referenced therein); (2) ample evidence establishes that Genesco had multiple PCI DSS violations, and each could have allowed a compromise of account data (*see id.* at 13-19 and supporting materials referenced therein); and (3) Visa's calculation of the assessments is consistent with the VIOR (*see id.* at 19-23, ECF No. at 849 at 21, and supporting materials referenced therein).

For all of the reasons outlined above and previously advanced in Visa's three previous opposition briefs and the supporting materials referenced therein, Genesco's Renewed Motion should be denied in its entirety.

Respectfully submitted,


/s/ Randall W. Edwards
Gayle Malone, Jr.
BUTLER SNOW LLP
The Pinnacle at Symphony Place, Suite 1600
150 3rd Avenue South
Nashville, TN 37201
(615) 651-6700
gayle.malone@butlersnow.com

Darin W. Snyder (admitted *pro hac vice*)
Randall W. Edwards (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
28th Floor, Two Embarcadero Center
San Francisco, California 94111
(415) 984-8700
dsnyder@omm.com
redwards@omm.com

*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 18th day of December, 2015, a copy of the foregoing has been served, via the Court's electronic filing system, on the following:

| | |
|---|---|
| Douglas Meal | Overton Thompson, III |
| Richard D. Batchelder | Lucas R. Smith |
| Seth Harrington | BASS, BERRY & SIMS PLC |
| ROPES & GRAY LLP | Suite 2800 |
| Prudential Tower | 150 Third Avenue South |
| 800 Boylston Street | Nashville, Tennessee 37201 |
| Boston, Massachusetts 02199 | |

                                            /s/ Randall W. Edwards