IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENESCO INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>VISA U.S.A. INC., VISA, INC., AND<br>VISA INTERNATIONAL SERVICE<br>ASSOCIATION,<br><br>      Defendants. | Civil Action No. 3:13-CV-0202<br>Senior Judge William J. Haynes, Jr.<br><br>JURY DEMAND |

**PLAINTIFF GENESCO INC.'S OPPOSITION TO VISA'S RENEWED MOTION
FOR SUMMARY JUDGMENT**

Plaintiff Genesco Inc. ("Genesco") respectfully submits this Opposition to the Renewed Motion for Summary Judgment filed by Defendants Visa U.S.A. Inc., Visa Inc., and Visa International Service Association (collectively, "Visa"), Dkt. No. 1039 (the "Visa Renewed Motion"). Pursuant to the Court's order of September 30, 2015 (Dkt. No. 1036) (the "Order"), Genesco incorporates by reference the arguments advanced in its filings opposing Visa's five separate motions for full or partial summary judgment (Dkt. Nos. 601, 604, 607, 610, and 613), and the arguments in its filings supporting its own motions for summary judgment.[1]

1. Visa has moved for partial summary judgment on Genesco's First through Sixth Causes of Action, wrongly maintaining that the Account Data Compromise Recovery ("ADCR") program, the Data Compromise Recovery Solution ("DCRS") program, and the Cardholder Information Security Program ("CISP") are valid liquidated damages provisions under California law. *See* Visa Renewed Motion ¶ 1; *see also* Dkt. Nos. 601-603, 617-618, 892-893, and 907.

---

[1] Those filings are: Genesco's Memorandum in Support of its Renewed Motion for Summary Judgment (Dkt. No. 1038); Genesco's Memorandum in Support of its Renewed Motion for Summary Judgment on its First Cause of Action or, Alternatively, for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 565); Plaintiff Genesco's Local Rule 56.01 Statement of Undisputed Material Facts in Support of its Renewed Motion for Summary Judgment on its First Cause of Action or, Alternatively, for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 566); Affidavit of Seth Harrington in Support of Plaintiff Genesco's Renewed Motion for Summary Judgment on its First Cause of Action or, Alternatively, for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 567), with accompanying exhibits; Plaintiff Genesco Inc.'s Response to Visa's Statement of Additional Material Disputed Facts (Dkt. No. 597); Genesco's Reply Memorandum in Support of its Renewed Motion for Summary Judgment on its First Cause of Action or, Alternatively, for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 796); Omnibus Affidavit of Michael Y. Jo in Support of Plaintiff Genesco's Replies in Support of its Motions for Summary Judgment (Dkt. No. 933), with accompanying exhibits; Genesco's Memorandum in Support of its Motion for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 707); Plaintiff Genesco's Local Rule 56.01 Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 721); Affidavit of Maura Flaherty in Support of Plaintiff Genesco's Motion for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 705); Genesco's Reply Memorandum in Support of its Motion for Partial Summary Judgment on its Sixth and Seventh Causes of Action (Dkt. No. 937); Genesco's Response to Visa's Statement of Additional Material Disputed Facts (Dkt No. 939); Genesco's Memorandum in Support of its Motion for Summary Judgment on its Second through Fifth Causes of Action (Dkt. No. 679); Plaintiff Genesco's Local Rule 56.01 Statement of Undisputed Material Facts (Dkt. No. 676); the Affidavit of Michael Y. Jo in Support of Plaintiff Genesco's Motion for Summary Judgment on its Second through Fifth Causes of Action (Dkt. No. 677), with accompanying exhibits; Genesco's Reply Memorandum in Support of its Motion for Summary Judgment on its Second through Fifth Causes of Action (Dkt. No. 936); and Genesco's Response to Visa's Statement of Additional Material Disputed Facts (Dkt No. 938).

Visa's arguments for partial summary judgment on these grounds are meritless for the reasons stated in Genesco's Memorandum in Opposition to Visa's Motion No. 1 for Summary Judgment, Dkt. No. 815; its Response to Visa's Statement of Undisputed Material Facts in Support of Their Motion No. 1 for Summary Judgment, Dkt. No. 817; Genesco's Sur-Reply Memorandum in Opposition to Visa's Motion No. 1 for Summary Judgment, Dkt. No. 1013; and the Omnibus Affidavit of Maura Flaherty in Support of Plaintiff Genesco Inc.'s Responses to Defendants' Motions Nos. 1-5 for Summary Judgment, Dkt. No. 812, with accompanying exhibits (the "Flaherty Omnibus Affidavit"). Visa impermissibly seeks to defend the validity of its liquidated damages provisions through evidence of its own subjective, uncommunicated intent in enacting those provisions, even though California law requires that the intention of the parties to a contract be ascertained from the writing alone. Furthermore, the evidence Visa presents actually undermines its position, and demonstrates that Visa intended that the provisions have a punitive effect. Visa also misconstrues the standard set by Section 1671 and the relevant case law; wrongly contends that it may recover liquidated damages for multiple harms on behalf of multiple parties; claims that it may somehow exercise unfettered discretion in unilaterally calculating the amount owed pursuant to these provisions without thereby violating the requirement that a liquidated damages amount or formula be fixed and certain in advance; and fails to rebut Genesco's showing that liquidated damages can only compensate for harms suffered by a party to the contract.

In addition, Visa mistakenly claims that a decision in *Golden Restaurants, Inc. v. WorldPay U.S., Inc.*, Adv. Pro. No. 11-4024-rfn (Bankr. N.D. Tex.), is dispositive on the question of the validity of the ADCR assessments as liquidated damages. In relying on this decision, Visa contends that this Court must afford deference to statements in dicta made by a

bankruptcy court in another district outside this circuit, in a case between an acquirer and a merchant where Visa was not a party; where the issue was the acquirer's indemnification rights and not the validity of the ADCR assessments; and where the court applied the law of a state different from both the state where that court sits and the state whose law actually governs the Visa International Operating Regulations ("VIOR"). Finally, Visa wrongly maintains that under California law, this Court must grant it considerable leeway to determine liquidated damages and defer to its business judgment. In taking this position, Visa insists that it can unilaterally draft the contract, interpret the contract, obtain relief pursuant to the contract, and if there is an ambiguity, choose its preferred interpretation of the contract, using whatever subjective extrinsic evidence it sees fit, even though this approach to contract interpretation is expressly forbidden by California law.

2. Visa has moved for summary judgment on Genesco's Sixth Cause of Action alleging a violation of California's Unfair Competition Law, or, in the alternative, for partial summary judgment for each of the "unlawful," "unfair," and "fraudulent" prongs of Genesco's Sixth Cause of Action, wrongly maintaining (a) that Genesco cannot show that Visa's assessments are "unlawful," "unfair," or "fraudulent" for some additional reason beyond Genesco's assertions that the assessments violate the VIOR; (b) that Genesco separately cannot prove that it relied on any allegedly false statements by Visa to meet the "fraudulent" prong; and (c) that Genesco must make either of these purported conditions to establish a claim under the UCL. *See* Visa Renewed Motion ¶ 2; *see also* Dkt. Nos. 604-606, 619-620, 894-895, and 909-910.

Visa's arguments for partial summary judgment on these grounds are meritless for the reasons stated in Genesco's Memorandum in Opposition to Visa's Motion No. 2 for Summary

Judgment, Dkt. No. 819; its Response to Visa's Statement of Undisputed Material Facts in Support of Their Motion No. 2 for Summary Judgment, Dkt. No. 821; and the Flaherty Omnibus Affidavit, with accompanying exhibits. By continuing to contend that Genesco's contract claims bar its UCL claim, Visa attempts to resurrect arguments that this Court already rejected in denying Visa's Motion to Dismiss Genesco's Sixth and Seventh Causes of Action. Visa contradicts this Court's rulings by maintaining that Genesco may not raise its UCL claim in the alternative to its contract claims, even as Visa simultaneously argues that those contract claims are meritless. The Court has also rejected Visa's mistaken contention that UCL claims must show some harm to competition, consumers, or the public, ruling instead that "a breach of contract may form the predicate for a [UCL] claim, *provided it also constitutes conduct that is unlawful, or unfair, or fraudulent*." Memorandum Opinion Denying Visa's Motion to Dismiss, Dkt. No. 49, at 33-34 (emphasis in original). In any event, Visa's argument that Genesco has failed to establish public or consumer harm is without merit. Visa contends that undisputed facts in this case—such as the broad application of the VIOR to "retail transactions involving consumers, retail merchants, and other banks," *id.* at 3—somehow do not provide a factual basis for establishing that Visa's conduct implicates the public interest. That contention fails as a matter of law.

3. Visa has moved for summary judgment on Genesco's Seventh Cause of Action for money-had-and-received/unjust enrichment, wrongly maintaining that Genesco's money-had-and-received claim fails because the relevant relationships are governed by contracts and Genesco cannot show Visa "wrongfully possesses" money paid to Visa for Genesco's use, and wrongly contending that unjust enrichment is not a stand-alone claim under California law. *See* Visa Renewed Motion ¶ 3; *see also* Dkt. Nos. 607-609, 621-622, 896-897, and 911.

4

Visa's arguments for summary judgment on these grounds are meritless for the reasons stated in Genesco's Memorandum in Opposition to Visa's Motion No. 3 for Summary Judgment, Dkt. No. 823; its Response to Visa's Statement of Undisputed Material Facts in Support of Their Motion No. 3 for Summary Judgment, Dkt. No. 826; and the Flaherty Omnibus Affidavit, with accompanying exhibits. Visa here repeats the same arguments it asserted at the Motion to Dismiss stage, which the Court has already rejected, and fails to identify any new facts developed in discovery or any other new information specific to the instant case. Visa also fails to recognize that in California, common-law principles of restitution, such as unjust enrichment, provide for recovery where a contract exists but a contract remedy is unavailable, and that Genesco has established the necessary elements of an unjust enrichment and money-had-and-received claim.

4. Visa has moved for partial summary judgment on Genesco's Second through Seventh Causes of Action, wrongly maintaining that the Intrusion constituted an "account compromise event" and "data compromise event" under the VIOR. *See* Visa Renewed Motion ¶ 4; *see also* Dkt. Nos. 610-612, 623-624, 898-899, and 912-913.

Visa's arguments for partial summary judgment on these grounds are meritless for the reasons stated in Genesco's Memorandum in Opposition to Visa's Motion No. 4 for Summary Judgment, Dkt. No. 828; its Response to Visa's Statement of Undisputed Material Facts in Support of Their Motion No. 4 for Summary Judgment, Dkt. No. 832; Genesco's Sur-Reply Memorandum in Opposition to Visa's Motion No. 4 for Summary Judgment, Dkt. No. 1016; and the Flaherty Omnibus Affidavit, with accompanying exhibits. Visa's various proffered interpretations of the terms "account compromise event" and "data compromise event" are in direct conflict with the language of the VIOR and would, if accepted, lead to absurd results.

5

Moreover, even if one of Visa's interpretations could be considered reasonable (and none of them can), under relevant California law, the VIOR would then be ambiguous because they would be subject to multiple reasonable interpretations. The Court would then construe any ambiguity against Visa, the sole drafter of the VIOR, and resolve the ambiguity in favor of Genesco's interpretation. In any event, under any of the parties' proffered interpretations of these terms, Visa has not carried and cannot carry its burden to demonstrate that a compromise event occurred with respect to each of the Qualified Accounts, as required for the Assessments to be valid under the VIOR.

5. Visa moves for partial summary judgment on Genesco's Second, Third, Sixth, and Seventh Causes of Action, wrongly maintaining that Visa's DCRS program applies to issuing banks from Visa Europe. *See* Visa Renewed Motion ¶ 5; *see also* Dkt. Nos. 613-615, 625, 720, 900-901, and 914.

Visa's arguments for summary judgment on these grounds are meritless for the reasons stated in Genesco's Memorandum in Opposition to Visa's Motion No. 5 for Summary Judgment, Dkt. No. 834; its Response to Visa's Statement of Undisputed Material Facts in Support of Their Motion No. 5 for Summary Judgment, Dkt. No. 836; and the Flaherty Omnibus Affidavit, with accompanying exhibits. Against Genesco's showing that a VIOR provision states that the VIOR does not apply to Visa Europe issuers, Visa relies on a separate provision which purports to allow DCRS recovery to Visa Europe issuers. In so doing, Visa ignores the rule under California law that a contract must be interpreted as a whole, with ambiguities construed against the drafter—here, Visa—and offers extrinsic evidence that does nothing to resolve the ambiguity created by the two provisions at issue.

Consistent with the Court's Order, Genesco incorporates by reference its previous motions for summary judgment, its oppositions to Visa's motions for summary judgment, and all supporting documents submitted in support thereof, including all of Genesco's memoranda, replies, sur-replies, statements of undisputed facts, responses to Visa's responses to Genesco's statements of undisputed facts, and supporting exhibits.

For the reasons summarized above, and stated in Genesco's previous filings incorporated into this Opposition, Visa's Renewed Motion should be denied in its entirety.

Respectfully submitted,

Dated: Nashville, Tennessee    By:    */s/ Overton Thompson III*
December 21, 2015                    Overton Thompson III (BPR 011163)
                                     (othompson@bassberry.com)
                                     Lucas R. Smith (lsmith@bassberry.com)
                                     BASS, BERRY & SIMS PLC
                                     150 Third Avenue South, Suite 2800
                                     Nashville, TN 37201
                                     (615) 742-7730 (telephone)
                                     (615) 742-2804 (facsimile)

                                     Douglas H. Meal (admitted *pro hac vice*)
                                     Richard D. Batchelder, Jr. (admitted *pro hac vice*)
                                     Seth C. Harrington (admitted *pro hac vice*)
                                     Maura Sullivan Flaherty (admitted *pro hac vice*)
                                     Michael Jo (admitted *pro hac vice*)
                                     ROPES & GRAY LLP
                                     Prudential Tower
                                     800 Boylston Street
                                     Boston, Massachusetts 02199-3600
                                     (617) 951-7000

                                     *Attorneys for Plaintiff Genesco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served, via the Court's electronic filing system, on the following:

Gayle I. Malone, Jr.
J. Mark Tipps
Butler Snow LLP
The Pinnacle at Symphony Place, Suite 1600
150 Third Avenue South
Nashville, TN 37201

Randall W. Edwards
Darin W. Snyder
Melody Drummond-Hansen
Elysa Q. Wan
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

This 21st day of December, 2015.

                                                       */s/ Overton Thompson III*